**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000496**
**30-JUN-2023**
**08:54 AM**
**Dkt. 47 SO**

NO. CAAP-22-0000496

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KENT STEINER, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DDC-22-0000109)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and McCullen, JJ.)

Defendant-Appellant Kent **Steiner** appeals from the District Court of the Second Circuit, Wailuku Division's July 20, 2022 Judgment and Notice of Entry of Judgment,[1] convicting him of (1) "Closing of areas," in violation of Hawaiʻi Administrative Rules (**HAR**) § 13-146-4(a) (Amended 1999); and (2) "Swimming; nudity," in violation of HAR § 13-146-38(a)

---

[1]  The Honorable Blaine J. Kobayashi presided.

(Amended 1999).[2] The district court sentenced Steiner to pay a fine of $200.00 (suspending $100.00 on the condition that there was no conviction for similar violations in six months), and a criminal injury fee of $30.00, for each offense. On appeal, Steiner challenges the sufficiency of the evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve Steiner's challenge to the sufficiency of the evidence below, and reverse in part and affirm in part.

---

[2] HAR § 13-146-4(a), **Closing of areas**, provides as follows:

> The board or its authorized representative may establish a reasonable schedule of visiting hours for all or portions of the premises and close or restrict the public use of all or any portion thereof, when necessary for the protection of the area or the safety and welfare of persons or property, by the posting of appropriate signs indicating the extent and scope of closure. All persons shall observe and abide by the officially posted signs designating closed areas and visiting hours.

(Emphasis added.)

HAR § 13-146-2 (Amended 2010) defines "Premises" as "any lands within the state park system."

HAR § 13-146-38(a), **Swimming; nudity**, provides as follows:

> A person may swim or bathe except in waters and at times where these activities are prohibited in the interest of public health or safety. These waters shall be designated by posting of appropriate signs. No person shall bathe, swim, walk, sunbathe, or remain on the premises in the nude, or take outdoor showers in the nude, except for bathing or changing clothes within enclosed facilities provided for these purposes or for the exposed breast of a nursing mother in the act of breastfeeding an infant.

(Emphasis added.)

For sufficiency of the evidence, "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation omitted). The "evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.]" Id. at 157, 166 P.3d at 330 (citation omitted).

> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

115 Hawai'i at 158, 166 P.3d at 331 (citation and brackets omitted). "Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the trier of fact's findings." State v. Sua, 92 Hawai'i 61, 69, 987 P.2d 959, 967 (1999) (citation and brackets omitted).

(1) We first address Steiner's contention that "there was no substantial evidence that [he] recklessly disregarded the signs indicating that he was in a closed area or that he recklessly swam while nude . . . ." because Department of Land and Natural Resources Conservation and Resource Enforcement Officer Wyatt Burns (**Officer Burns**) "did not see how [he] had

3

entered the ocean and could not confirm that [he] had passed the closed-area or nudity-prohibited signs before he entered the ocean." Steiner asserts that because "the State failed to prove that [he] was aware of the prohibitions on the signs there was no substantial evidence that he recklessly failed to abide by the directives on the sign regarding" the offenses.

"A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature." Hawaii Revised Statutes (**HRS**) § 702-206(3)(a) (2014).

> A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a <u>gross deviation from the standard of conduct that a law-abiding person would observe in the same situation</u>.

HRS § 702-206(3)(d) (2014) (emphasis added).

Due to the difficulty of proving state of mind by direct evidence in criminal cases, "proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." <u>State v. Batson</u>, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (cleaned up).

As for the park closure offense, the evidence shows Officer Burns encountered Steiner on February 20, 2022 at

4

4:15 p.m.[3]  The State presented a photo of a sign showing Mākena State Park closed at 7:00 p.m. on the weekdays, and closure time on the weekends depended on the beach, with "Oneloa (Big) Beach" and "Oneuli (Black Sand) Beach" closing at 7:00 p.m. and "Puʻu Olaʻi (Little) Beach" closing at 4:00 p.m.  But the photo of the sign in evidence and Officer Burns' testimony did not indicate how the signage informed a person they were at Puʻu Ōlaʻi Beach (closing at 4:00 p.m.), as opposed to Oneloa or Oneuli beaches (closing at 7:00 p.m.), within Mākena State Park.

Thus, when viewing the evidence presented, even in the light most favorable to the prosecution, there was insufficient evidence to establish Steiner recklessly disregarded the "officially posted signs designating closed areas and visiting hours."  See HAR § 13-146-4(a); State v. Vliet, 91 Hawaiʻi 288, 293, 983 P.2d 189, 194 (1999).  Without sufficient evidence, Steiner's conviction for the park closure offense must be reversed, and we need not address Steiner's remaining arguments challenging this conviction.

As for the nudity offense, two photos in evidence of signs at Mākena State Park showed that nudity was prohibited, regardless of the beach.  Officer Burns testified that there were "some belongings that was placed on the beach[,]" and

---

[3]  We take judicial notice that February 20, 2022 was a Sunday.  See Hawaiʻi Rules of Evidence Rule 201.

Steiner dressed from those belongings. Signs prohibiting nudity were twenty and thirty yards away from Steiner's belongings on the beach. The signage, the belongings on the beach, and Steiner were all located within Mākena State Park.

Based on the exhibits in evidence and Officer Burns' testimony, it is fair to infer that Steiner being nude on the premises at Mākena State Park "involve[d] a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation." HRS § 702-206(3)(d). Thus, there was sufficient evidence to support the district court's conclusion that the State proved the requisite state of mind for the nudity offense.

**(2)** Steiner next contends that he was not within the park's premises, arguing that he "was in the ocean waters, not within the Park boundaries, when [Officer] Burns first saw him" and that he "only walked onto the beach and within the Park boundaries when [Officer] Burns gave him a lawful order to do so."[4]

HAR § 13-146-38(a) provides in part that "[n]o person shall bathe, swim, walk, sunbathe, or remain on the premises in

_____

[4] Steiner also argues that Officer Burns' calling him out of the water was entrapment under HRS § 702-237(1)(b) (2014). Steiner fails to show in his points of error where he raised this affirmative defense during trial below. Thus, we consider this argument waived. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4); State v. Nicholson, 120 Hawaiʻi 480, 485, 210 P.3d 3, 8 (App. 2009) (explaining that defendant "waived his entrapment claim by failing to raise it in the circuit court").

the nude . . . ." The State was required to prove beyond a reasonable doubt that Steiner was "on the premises" for the nudity offense. See generally, State v. Lima, 64 Haw. 470, 474, 643 P.2d 536, 539 (1982).

"Premises" is defined as "any lands within the state park system." HAR § 13-146-2. The State Park System is "those public lands or lands under the control and management of the division of state parks[,]" and land is defined as including "upland, land under water, beaches, water, and water rights." HAR § 13-146-2; HRS § 184-1 (2011).

Officer Burns testified that Puʻu Ōlaʻi Beach is located within Mākena State Park, and he observed Steiner "on the shoreline kind of within the waters swimming about." Officer Burns testified that he stood by "some belongings that was placed on the beach" and called Steiner over. Steiner walked over to Officer Burns' location and Officer Burns observed that Steiner was nude. Steiner then dressed with the items next to Officer Burns, and those items were "within the boundaries of Puʻu Olaʻi Beach[.]"

Swimming in the ocean aside, Officer Burns' testimony was evidence from which it could justifiably be inferred that Steiner was on the beach nude prior to entering the water. See State v. Dow, 96 Hawaiʻi 320, 324, 30 P.3d 926, 930 (2001) ("we review evidence for sufficiency in the light most favorable to

7

the prosecution, giving full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact") (citation and internal quotation marks omitted); see generally, Batson, 73 Haw. at 254, 831 P.2d at 934. Thus, there was sufficient evidence to support the district court's conclusion that Steiner was "on the premises" for the nudity offense.

**(3)** Finally, Steiner contends that he "was not 'nude' within the meaning of HAR § 13-146-38(a)" because he "was torso-deep in the water. [His] genital and pubic areas were not visible. It was not until [Officer] Burns gave [him] a lawful order to leave the water that [Officer] Burns saw that [he] was unclothed."

"Nude" is defined as "uncovered post-pubertal human genitals, pubic areas, or the nipple or areola of post-pubertal human female breast." HAR § 13-146-2.

The State presented a photo of Steiner walking out of the water with his genitals and pubic area uncovered, which was direct evidence that Steiner was nude. And Officer Burns testified that Steiner then dressed from the belongings on the beach, which was evidence from which it could be inferred that Steiner was nude prior to entering the water. Thus, there was

8

sufficient evidence to support the district court's conclusion that Steiner was nude.

Based on the foregoing, we reverse Steiner's conviction of the "Closing of areas" offense, and affirm Steiner's conviction of the "nudity" offense.

DATED:  Honolulu, Hawaiʻi, June 30, 2023.

On the briefs:

Rachel K.X. Murakami,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge